# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BRYON GRIFFIN, )
)
        Petitioner, )
)
vs. ) Case No. 05-0890-CV-W-ODS-P
)
DAVE DORMIRE, et al., )
)
        Respondents.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 convictions and sentences for one count of second degree murder, four counts of child abuse, four counts of endangering a child, two counts of first degree assault, and one count of forcible sodomy, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises four (4) grounds for relief: (1) plea counsel was ineffective for advising petitioner to enter an open guilty plea on all charges, assuring petitioner that he would not receive a sentence of over 15 years; (2) plea counsel was ineffective for advising petitioner to plead guilty when petitioner received multiple life sentences to run consecutively; (3) the Rule 24.035 trial court erred by refusing petitioner an evidentiary hearing; and (4) the Rule 24.035 appellate court erred by not remanding the case back to the circuit court for an evidentiary hearing.

### Procedurally Defaulted Grounds

Respondents argue that petitioner has failed properly to raise Grounds 1 and 2 in the Missouri State Courts. Doc. No. 5, pp 3-4. Respondents contend that Grounds 1 and 2 are procedurally defaulted because petitioner has failed to present the same factual and legal premises in his federal habeas petition

as he did in the state court proceedings. "Before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999) (citing Abdullah v.Groose, 75 F.3d 408, 411 (8th Cir. ) (en banc), cert. denied, 517 U.S. 1215) (1996)); cert. denied, 528 U.S. 846 (1999). "In order to present a habeas claim to the state court, a prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." Id. at 1161-62. In the state court proceedings, petitioner claimed that his attorney was ineffective for having misinformed him about his sentence because his attorney advised him that if he pled guilty the state would drop eight of the counts in the indictment and that he would receive sentences of ten years' imprisonment for murder in the second degree and five years' imprisonment for a charge reduced from the forcible sodomy charge. Respondent's Exhibit B, p. 8. In his federal petition, however, petitioner merely asserts that counsel was ineffective for having advised him to enter into an open guilty plea.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v.

2

Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any viable cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 9.

If petitioner contends that ineffective assistance of Rule 24.035 motion and/or appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Moreover, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 1 and 2 will be denied.

### Grounds 3 and 4

Respondents argue that petitioner's Grounds 3 and 4 are without merit. Doc. No. 5, pp. 4-5. Petitioner asserts that his rights were violated when the court refused to grant him an evidentiary hearing and when the state courts failed to grant him the relief that he sought. Doc. No. 1. As respondent's contend, Missouri law does not require an evidentiary hearing when the court determines that "the motion and the files and records of the case conclusively show that the movant is entitled to no relief[.]" Mo. Rev.

Stat. § 24.035(h)(2004). Grounds 3 and 4 are not cognizable under 28 U.S.C. § 2254. See Williams v. State, 640 F.2d 140, 143-44 (8th Cir. 1981); cert. denied, 451 U.S. 990 (1981). The decision whether to have a Rule 24.035 evidentiary hearing involves questions of state law, and a federal habeas court is not to "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Grounds 3 and 4 will be denied.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri

Dated: 11/29/05